UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ORLANDO MARTINEZ, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:12CV194 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Government's Motion to Dismiss Plaintiff's Motion to have Personal Property Returned ("Motion to Dismiss"), filed April 2, 2012. (ECF No. 8). The motion is fully briefed and ready for disposition.

**BACKGROUND**

On January 25, 2012, Plaintiff filed a Motion to have Personal Property Returned. (ECF No. 1). The background underlying Plaintiff's motion is as follows[1]: On June 30, 2002, members of the Phelps County Sheriff's Department conducted a stop of a 1992 Peterbuilt Freightliner tractor trailer, VIN: 1XP5DB9X7ND319609, for a traffic violation. (Motion to Dismiss, ¶¶ 1, 2). Due to circumstances surrounding the driver, Plaintiff's, actions and discussions at the time, the officers developed suspicions that Plaintiff may be in possession of controlled substances. (Id., ¶ 2). After obtaining Plaintiff's consent to search the vehicle, the officers contacted agents with the Drug Enforcement Administration ("DEA"), and with their assistance, conducted a search of the tractor trailer utilizing a drug-detecting canine. (Id.). During the search, investigators discovered and seized

---

[1] Plaintiff does not dispute the Government's depiction of this matter's background in his response to the Government's Motion to Dismiss.

approximately 46 pounds of cocaine.  (Id., ¶ 3).  Officers further seized the 1992 Peterbuilt Freightliner itself, a cellular phone, a pager, a daily log book, a vehicle examination report, a bill of lading, and a black organizer.  (Id.).

On July 1, 2002, a Federal Seizure Warrant was obtained by the DEA, for the 1992 Peterbuilt Freightliner, VIN: 1XP5DB9X7ND319609.  (Motion to Dismiss, ¶ 4).  An indictment was returned against Plaintiff on July 11, 2002, and on March 5, 2003, Plaintiff was found guilty of one count of possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).  Plaintiff was sentenced on May 23, 2003, to 151 months imprisonment, followed by five years supervised release.

In the instant motion, filed pursuant to Federal Rule of Criminal Procedure 41(g), Plaintiff requests that the Court issue an order for, "the return of all my personal property, received by the U.S. Government on the time of my arrest."  (ECF No. 1).[2]

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff.  Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)).  Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party."  Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted).  A motion to dismiss must be granted, however, if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  While a Complaint

---

[2] Plaintiff originally sought return of a number of items not identified as seized by the Government.  (See ECF No. 1).  In his response to the Government's Motion to Dismiss, however, Plaintiff apparently concedes that the Government's itemization of seized items is correct.

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted); Huang v. Gateway Hotel Holdings, 520 F.Supp.2d 1137, 1140 (E.D. Mo. 2007). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).

### **DISCUSSION**

"Post-conviction filings for the return of property seized in connection with a criminal case are treated as civil equitable actions, and the district court where the claimant was tried has subject-matter jurisdiction ancillary to its criminal jurisdiction to hear the equitable action." Thompson v. Covington, 47 F.3d 974, 975 (8th Cir. 1995) (citations omitted).[3] In this case, the Clerk of Court filed Plaintiff's motion as a Complaint in a civil action, with a new case number.

A civil forfeiture may be set aside for lack of notice under certain conditions:

> Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if--(A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

See 18 U.S.C. § 983(e)(1). If the Court grants the motion to set aside a declaration of forfeiture, "the court shall set aside the declaration of forfeiture as to the interest of the moving party without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the

---

[3] This Court has no jurisdiction to review the merits of the administrative forfeiture itself, but may review the adequacy of the notice given to Plaintiff. Mesa Valderrama v. United States, 417 F.3d 1189, 1196 (11th Cir. 2005).

interest of the moving party." 18 U.S.C. § 983(e)(2)(A). A motion to set aside a declaration of forfeiture must be filed, however, "not later than 5 years after the date of final publication of notice of seizure of the property." 18 U.S.C. § 983(e)(3).[4]

Upon consideration, the Court finds Plaintiff's claim for return of the 1992 Peterbuilt Freightliner fails, for two reasons. First, under the terms of the statute itself, a motion to set aside a declaration of forfeiture for failure to provide proper notice will be granted only when the Government, "knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice." 18 U.S.C. § 983(e)(1)(A). Here, with its Motion to Dismiss the Government provides evidence that on July 31, 2002, the DEA sent via certified mail Notice of Seizure letters to Plaintiff at his last known address, and through the United States Marshals Service, notifying him of the seizure of the 1992 Peterbuilt Freightliner, and explaining the processes for contesting and requesting remission of the forfeiture. (Defendant's Motion to Dismiss, att. Exhs. 1, 2). The Government further provides evidence that notice of the seizure was published in the *Wall Street Journal* newspaper once a week for three weeks, beginning August 12, 2002. (Id., att. Exh. 3). Finally, the Government provides evidence that on October 25, 2002, the DEA filed a Declaration of Forfeiture, stating as follows:

> The above-described property [1992 Peterbuilt Freightliner] has been seized by agents of the **DRUG ENFORCEMENT ADMINISTRATION** pursuant to 21 U.S.C. Section 881. Notice of the seizure has been sent to all known parties who may have a legal or possessory interest in the property. Also, in accordance with 19 U.S.C. Section 1607, notice of the seizure has been published and no claim has been filed for the property within 30 days from the date of last publication of the advertisement. On this date, I have examined this matter, and found that there was sufficient information to support the forfeiture of this property. **THEREFORE**, it is hereby declared that such property is forfeited to the United States pursuant to 19 U.S.C. Section 1609.

---

[4] 18 U.S.C. § 983(e)(3)'s limitation applies to administrative forfeiture proceedings begun after August 23, 2000, regardless of when the actual forfeiture occurred. See United States v. Sims, 376 F.3d 705, 707 (7th Cir. 2004), cert. denied, 543 U.S. 1094 (2005).

(Defendant's Motion to Dismiss, att. Exh. 4).  Under these circumstances, the Court finds the Government took reasonable steps to provide Plaintiff, a person with interest in the property, with notice of the pending forfeiture.  See Dusenbery v. United States, 534 U.S. 161, 168-73, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002) (FBI use of certified mail and publication to notify imprisoned claimant about forfeiture was reasonably calculated to apprise claimant of pending forfeiture).

Second, the Court finds Plaintiff's claim fails under the applicable statute of limitations.  As noted above, a motion to set aside forfeiture must be filed no later than five years after the date of final publication of the notice of seizure.  18 U.S.C. § 983(e)(3).  See also Barton v. United States, 2005 WL 1463476 at *3 (E.D. Mo. Jun. 20, 2005).  The final publication of notice of seizure for the 1992 Peterbuilt Freightliner was August 26, 2002.  Plaintiff's motion to set aside the forfeiture therefore was due by August 26, 2007.  The instant action was not filed until January 25, 2012, more than nine years after the final publication of notice of seizure.  Plaintiff's claim for the 1992 Peterbuilt Freightliner thus is time-barred and must be dismissed.[5]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Dismiss Plaintiff's Motion to have Personal Property Returned (ECF No. 8) is **GRANTED**, and Plaintiff's claims are **DENIED**.

---

[5] The Court finds Plaintiff's claim for the return of miscellaneous property similarly is barred by the applicable statute of limitations.  See, e.g., Bertin v. United States, 478 F.3d 489, 492-493 (2nd Cir. 2007); Santiago-Lugo v. United States, 538 F.3d 23, 24 (1st Cir. 2008).

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, with no further action to take place herein.  An appropriate Order of Dismissal will accompany this Memorandum and Order.


Dated this   16th   day of May, 2012.


                                                /s/ Jean C. Hamilton
                                                UNITED STATES DISTRICT JUDGE